**State of Vermont**
**Superior Court—Environmental Division**

=======================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**In re Conlon CU Permit**                                    **Docket No. 2-1-12 Vtec**
**(Appeal of Planning Commission grant of conditional use approval)**

Title: Motion to Augment Statement of Questions (Filing No. 2)

Filed: May 10, 2012

Filed By: Appellants John and Julia Baldwin

Response filed on 5/25/12 by Applicants/Appellees Edward Conlon and Debra Staniscia

Reply filed on 6/4/12 by Appellants

___ Granted              _X_ Denied              ___ Other

John and Julia Baldwin ("Appellants") have filed a request to augment the Statement of Questions they submitted in conjunction with their appeal of a decision by the Town of Plymouth Planning Commission granting conditional use approval to Edward Conlon and Debra Staniscia ("Applicants") to subdivide a 13-acre property at 441 Weaver Hill Road in the Town of Plymouth, Vermont and build a 1.5 story building.

Rather than specifying additional questions that they wish to add to their Statement of Questions, Appellants instead provide the Court with factual and legal arguments going to the merits of questions included in their existing Statement of Questions. Appellants ultimately request that the Court provide them with "an opportunity to augment and amplify their 'Statement of Questions'" once Applicants have submitted additional material that Appellants think is necessary for Applicants to receive conditional use approval. (Mot. to Augment Statement of Questions 2, filed May 10, 2012.)

The Statement of Questions filed by an appellant in our Court functions as a cross between a complaint filed before the Civil Division and a statement of issues filed before the Vermont Supreme Court. See Appeal of Rivers Development, LLC, Nos. 7-1-05 and 68-3-07 Vtec, slip op. at 14 (Vt. Envtl. Ct. Jan. 8, 2008) (Durkin, J.); In re Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 21, 2011) (Durkin, J.). That is, it functions both to provide notice to other parties of the issues to be determined during litigation, while also limiting the scope of the appeal. See Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 1. It should be a "short and plain statement," V.R.C.P. 8(a), that provides notice to other parties of the "questions that the appellant desires to have determined" in the appeal. V.R.E.C.P. 5(f).

This Court liberally grants motions to amend Statements of Questions when the other parties involved will not be unfairly prejudiced by our doing so. In re Ridgewood Estates Homeowners Ass'n, No. 57-4-10 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 26, 2011) (Wright, J.) (citing Appeal of Town of Fairfax, No. 45-3-03 Vtec, slip op. at 5). However, detailed factual and legal information that goes beyond identifying the Questions and crosses over into arguing the merits of the Questions is misplaced in a Statement of Questions. See In re Frostbite

Mine, No. 12-1-11 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Nov. 3, 2011) (Durkin, J.) (striking a historical background section and definition section from a Statement of Questions because they were unnecessary to further the two functions of a Statement of Questions).  Additionally, the amendment of a Statement of Questions is unnecessary when the Questions sought to be added raise issues intrinsic to existing Questions.  See In re Jolley Assocs., 2006 VT 132, ¶ 9, 181 Vt. 190 (concluding that the Court's jurisdiction extends to issues explicitly raised in each Question as well as to issues intrinsic to them).

Since Appellants' motion does not identify specific Questions that they want to add to their Statement of Questions, and instead provides factual and legal arguments going to the merits of Questions already included in their current Statement of Questions, we deem it both unnecessary and improper to allow them to supplement their Statement of Questions with any of the information contained in their motion.  Additionally, we will not provide Appellants with blanket approval to add to their Statement of Questions at a later juncture in this proceeding.  Should Appellants later identify a Question not already encompassed by their existing Statement of Questions that they want to add to their Statement of Questions, the Court will consider a motion to amend made by Appellants at that time.

Consequently, we **DENY** Appellants' motion to augment their Statement of Questions.

_____          _____August 30, 2012_____
            Thomas S. Durkin, Judge                                           Date

========================================================================

Date copies sent: _____                              Clerk's Initials: _____

Copies sent to:

  Appellants John and Julia Baldwin, pro se

  Martin Nitka, Attorney for Applicants/Appellees Edward Conlon and Debra Staniscia

  Frederick M. Glover, Attorney for Town of Plymouth